# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAJOR GEORGE TILLERY, | |
|    Plaintiff, | NO. 3:16-CV-0235 |
|    v. | (JUDGE CAPUTO) |
| JOHN WETZEL, *et al.*, | |
|    Defendants. | |

## MEMORANDUM

Presently before me are: (1) a Motion for Leave to File an Amended Complaint (Doc. 34); and (2) a Motion to Compel Discovery (Doc. 36) filed by Plaintiff Major George Tillery ("Plaintiff"). For the reasons that follow, both motions will be denied.

## I. Background

Plaintiff commenced this action against Pennsylvania Department of Corrections officials and medical care providers at SCI-Mahanoy and SCI-Frackville on February 11, 2016. (*See* Doc. 1, *generally*). DOC Defendants and the medical care Defendants filed motions to dismiss the Complaint. (*See* Doc. 12, *generally*; Doc. 21, *generally*). By Memorandum and Order dated August 22, 2017, the medical care provider Defendants' motion was granted and the DOC Defendants' motion was granted in part and denied in part. (*See* Docs. 23-24, *generally*). More particularly, Plaintiff was permitted to proceed only with respect to his retaliation claims for: (1) Major Damore removing him from his job; and (2) Captain Downs and HEX Luquis for issuing a false and retaliatory misconduct related to Plaintiff's receipt of a letter containing suboxone. (*See id.*). Defendants Damore, Downs, and Luquis ("Remaining Defendants"), as directed, filed an Answer to the Complaint on August 24, 2017. (*See* Doc. 25, *generally*).

On February 6, 2018, Plaintiff filed a motion to compel discovery. (*See* Doc. 30, *generally*). Remaining Defendants opposed the motion. (*See* Doc. 31, *generally*).

Next, on March 5, 2018, Plaintiff filed a motion for leave to submit an amended complaint. (*See* Doc. 34, *generally*). In his supporting brief, Plaintiff argues that although the claims against Defendant Kerestes were previously dismissed, he should be allowed to proceed with the claims against him based on facts obtained through discovery. (*See* Doc. 37, 2-3). Plaintiff also argues that he should be permitted to amend the Complaint to add a claim for retaliatory transfer. (*See id*.). Remaining Defendants opposed the motion, arguing both that the claims against Defendant Kerestes were already dismissed and that Plaintiff does not have a viable retaliatory transfer claim because he failed to exhaust his administrative remedies as to such a cause of action. (*See* Doc. 35, *generally*; Doc. 39, *generally*).

Lastly, Plaintiff filed a second motion to compel discovery to which he attached Defendants' responses to his discovery requests. (*See* Doc. 36, *generally*). Remaining Defendants oppose the motion on the grounds that they served answers to each set of Plaintiff's discovery requests and they are unaware of any outstanding discovery that they have not answered. (*See* Doc. 38, *generally*).

## II. Discussion

Plaintiff, as stated, has filed for leave to amend the Complaint and to compel discovery. I will address those motions in turn.

**A.     Leave to Amend.**

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

2

Fed. R. Civ. P. 15(a). Plaintiff's motion is governed by Rule 15(a)(2). Under that subsection, while leave should be given freely, district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Amendment is futile "if the amended complaint would not survive a motion to dismiss." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014).

Plaintiff's motion for leave to amend will be denied. First, I have already dismissed Defendant Kerestes from this action. Plaintiff did not seek reconsideration of that decision, and the instant motion to amend does not provide any basis for me to revisit my prior finding. Second, Plaintiff's proposed retaliatory transfer claim is futile because he failed to exhaust his administrative remedies with respect to this claim. Authority makes clear that a claim of retaliatory transfer by a prisoner is subject to the PLRA's exhaustion requirement *See, e.g., Turner v. Sec. Pa. Dep't of Corr.*, 683 F. App'x 180, 182-83 (3d Cir. 2017); *Brown v. Camp Hill*, No. 10-2612, 2017 WL 3872399, at *4-5 (M.D. Pa. Sept. 5, 2017) (denying summary judgment where the defendants did not meet their burden of showing that the plaintiff failed to exhaust his retaliatory transfer claim); *Harris v. Wingard*, No. 15-1493, 2017 WL 2828594, at *3 (W.D. Pa. June 29, 2017), *aff'd*, 728 F. App'x 149, 152 n.1 (3d Cir. 2018) (noting that the district court correctly entered summary judgment against the plaintiff on the retaliatory transfer claim because the plaintiff failed to properly exhaust his administrative remedies); *Dickerson v. Gordon*, No. 13-1993, 2015 WL 5785575, at *4 (M.D. Pa. Sept. 30, 2015). Thus, Plaintiff, despite his arguments to the contrary, had an administrative remedy available to him to challenge his allegedly retaliatory transfer. Given this, there is no reason to excuse Plaintiff's failure to exhaust his administrative remedies with respect to his retaliatory transfer claim. Leave to amend would thus be futile.

**B.     Motion to Compel Discovery.**

Federal Rule of Civil Procedure 37 governs motions to compel discovery. Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and, the fact is of consequence in determining the action." Fed. R. Evid. 401.

The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

Plaintiff's motion will be denied without prejudice. Plaintiff does not identify which discovery answers he finds insufficient. (*See* Doc. 36, *generally*). Rather, he broadly contends that Defendants "failed to fully answer interrogatories" and Defendants are attempting to stall this litigation. (*See id.*). Although answering Defendants state in response to some questions that they "do not recall" or have no documents or records, Plaintiff fails to explain why such responses are inadequate under the circumstances. Accordingly, the motion to compel will be denied without prejudice. In the event Plaintiff seeks to file a properly supported motion to compel, he is cautioned that he must identify the perceived deficiencies of each discovery request to which he seeks the Court to compel a supplemental response and explain how each of these responses are deficient.

4

### III. Conclusion

For the above stated reasons, Plaintiff's motion for leave to amend will be denied and Plaintiff's motion to compel discovery will be denied without prejudice.

An appropriate order follows.

October 18, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge